Case.net:26SL-CC06641 - CHRISTINE POE V FLEMING'S STEAKHOUSE & WINE BAR (E-CASE) - Docket Entries

| **Respond to Selected Documents** | **Sort by date:** Descending Ascending **Display options:** All Entries

**10/02/2026**

**Pet Filed in Circuit Ct**

Petition for Damages for Race Discrimination.

**Filed By:** HERMAN L. JIMERSON

**On Behalf Of:** CHRISTINE POE

**Motion Special Process Server**

Request for Process Server.

**Filed By:** HERMAN L. JIMERSON

**On Behalf Of:** CHRISTINE POE

**Filing Info Sheet eFiling**

**Filed By:** HERMAN L. JIMERSON

**Judge Assigned**

DIV 20

**Summons Issued-Circuit**

Document ID: 26-SMCC-12396, for FLEMING'S PRIME STEAKHOUSE AND WINE BAR (OSI/FLEMING'S LLC) Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**10/16/2026**

**Corporation Served**

Document ID - 26-SMCC-12396; Served To - FLEMING'S PRIME STEAKHOUSE AND WINE BAR (OSI/FLEMING'S LLC); Served Date - 10/13/2026; Served Time - 14:20:39; Service Type - SD; Reason Description - SERV; Service Text -

**Affidavit Filed**

Return of Service.

**Filed By:** HERMAN L. JIMERSON

**On Behalf Of:** CHRISTINE POE

**EXHIBIT A**

Close

Electronically Filed - St Louis County - October 02, 2026 - 03:25 PM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| CHRISTINE POE, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No.: |
| | ) | |
| vs. | ) | Division No.: |
| | ) | |
| FLEMING'S PRIME STEAKHOUSE | ) | JURY TRIAL DEMANDED |
| AND WINE BAR (OSI/FLEMING'S, LLC), | ) | |
| **Serve:** | ) | |
| Corporate Creations Network Inc. | ) | |
| 12747 Olive Blvd. #300 | ) | |
| Saint Louis, MO 63141 | ) | |
| | ) | |
| Defendant. | ) | |

**PETITION FOR DAMAGES FOR RACE DISCRIMINATION**
**IN VIOLATION OF 42 U.S.C. § 1981**

**COMES NOW** Plaintiff Christine Poe, by and through undersigned counsel, and for her cause of action against Defendant Fleming's Prime Steakhouse and Wine Bar (OSI/Fleming's, LLC), state to the court that:

1. Plaintiff Christine Poe is an African American female and a resident of St. Louis County, Missouri. (Hereinafter "Poe")

2. Defendant Fleming's Prime Steakhouse and Wine Bar is operated by OSI/Fleming's, LLC (hereinafter "Fleming's"), a foreign limited liability company organized under the laws of the State of Delaware, Charter No. FL0852379, authorized to do business in the State of Missouri, with its principal place of business and registered office located at 1855 South Lindbergh Boulevard, St. Louis, Missouri 63131. Fleming's may be served through its

Electronically Filed - St Louis County - October 02, 2026 - 03:25 PM

registered agent, Corporate Creations Network Inc., 12747 Olive Blvd. #300, Saint Louis, Missouri 63141.

3. This Court has jurisdiction and venue is proper in St. Louis County pursuant to Mo. Rev. Stat. § 508.010 because the acts and omissions giving rise to this cause of action occurred at Fleming's restaurant in Frontenac, St. Louis County, Missouri, and Defendant conducts business within this jurisdiction. Missouri state courts have concurrent jurisdiction over claims arising under 42 U.S.C. § 1981. Mo. Rev. Stat. § 478.070.

## FACTUAL ALLEGATIONS

4. On October 7, 2023, Plaintiff Christine Poe entered the premises of Fleming's Prime Steakhouse and Wine Bar, located at 1855 South Lindbergh Boulevard, St. Louis, Missouri 63131, for the purpose of dining.

5. Plaintiff is an African American, and Fleming's employees and agents were aware of Plaintiffs' race at all times relevant to this action.

6. Upon entering the restaurant, Plaintiff was greeted by a manager or front-of-house employee at the host stand. Poe stated that during a prior visit to the same restaurant she had felt treated strangely. Plaintiffs were seated at a booth near the bar area of the restaurant.

7. After being seated, Plaintiff waited approximately twenty to thirty minutes without receiving adequate service. Plaintiffs attempted to flag down a server to place their food order. The server assigned to their table, identified as Andrew H. (last name currently unknown), failed to take Plaintiffs' food order and instead attended to non-African American customers at surrounding tables, serving those customers food and beverages while providing Plaintiffs with drinks only.

Electronically Filed - St Louis County - October 02, 2026 - 03:25 PM

8. Plaintiff observed that similarly situated non-African American customers who arrived at Fleming's at or about the same time as Plaintiffs, and who were seated in the same area of the restaurant, were promptly served food and beverages, while Plaintiffs were denied equivalent service.

9. The server, Andrew H., never entered Plaintiffs' food order into the restaurant's ordering system, despite taking orders from and serving non-African American customers in the surrounding area during the same time period.

10. Plaintiff has in her possession a receipt from their October 7, 2023 visit bearing check number 0071-1, Table 204, reflecting server "ANDREW H," dated 10/07/23, with a transaction swipe time of 20:03, showing only beverage and limited food items, with a total charge of $72.10 paid by credit card. The receipt and credit card transaction records confirm Plaintiffs were present at the restaurant from approximately 6:35 p.m. until approximately 8:02 p.m. on October 7, 2023.

11. When Plaintiff brought the disparate treatment to the attention of management, a manager identified as Kelli Flood, Manager at Fleming's Prime Steakhouse and Wine Bar, acknowledged that something had gone wrong during Plaintiffs' visit and offered Plaintiffs a gift card valued at $300.00. No legitimate, non-discriminatory basis for the disparate treatment was offered.

12. Fleming's disparate treatment of Plaintiff was not based on any legitimate, non-discriminatory reason. Plaintiffs were lawfully present at Fleming's, complied with all posted rules and policies of the establishment, and were ready, willing, and able to purchase food and beverages. No misconduct, failure to pay, or violation of any restaurant policy justified the treatment Plaintiffs received.

Electronically Filed - St Louis County - October 02, 2026 - 03:25 PM

13. Plaintiff was treated materially less favorably in the enjoyment of the accommodations, advantages, facilities, services, and privileges of Fleming's restaurant than similarly situated non-African American customers because of Plaintiffs' race.

14. As a direct and proximate result of Fleming's discriminatory conduct, Plaintiff suffered embarrassment, humiliation, mental anguish, emotional distress, inconvenience, loss of enjoyment, and other damages in amounts to be determined at trial.

15. Plaintiff has not returned to Fleming's Prime Steakhouse and Wine Bar since October 7, 2023. Prior to this incident, Plaintiffs had regularly patronized Fleming's, including for family celebrations and other social occasions, at least three to four times per year.

## COUNT I
## RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

COMES NOW Plaintiff Christine Poe, by and through undersigned counsel, and for Count I of their cause of action against Defendant, state to the court that:

16. Plaintiff hereby incorporates Paragraphs 1 through 16 by reference as if fully set forth herein.

17. 42 U.S.C. § 1981(a) provides that all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts as is enjoyed by white citizens. Section 1981(b) defines the right to make and enforce contracts to include the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C. §§ 1981(a), (b).

Electronically Filed - St Louis County - October 02, 2026 - 03:25 PM

18. Plaintiff, as a member of the public seeking to purchase food and beverages at Fleming's restaurant, were exercising their right to make and enforce contracts within the meaning of 42 U.S.C. § 1981.

19. Fleming's, through its employees and agents including server Andrew H. and Manager Kelli Flood, intentionally interfered with Plaintiffs' right to make and enforce contracts because of Plaintiffs' race. Fleming's employees provided Plaintiffs with materially inferior service as compared to non-African American customers in similar circumstances, refused to take and fulfill Plaintiffs' food order, and subjected Plaintiffs to discriminatory treatment during the course of their visit on October 7, 2023.

20. Plaintiffs' race was the but-for cause of Fleming's discriminatory conduct. Comcast Corp. v. National Ass'n of African American-Owned Media, 589 U.S. 327 (2020). No legitimate, non-racial justification was offered or exists for the disparate treatment of Plaintiffs. Manager Flood's acknowledgment of the incident and offer of a $300.00 gift card, combined with the absence of any legitimate non-discriminatory explanation, support the inference that race was the but-for cause of the inferior treatment Plaintiffs received.

21. Fleming's conduct was intentional, malicious, willful, and in reckless disregard of Plaintiffs' federally protected rights.

22. As a direct and proximate result of Fleming's unlawful race discrimination, Plaintiffs have suffered actual damages including emotional distress, humiliation, mental anguish, inconvenience, loss of enjoyment, and other compensable harms.

**WHEREFORE**, Plaintiff Christine Poe respectfully pray this Court for relief and a judgment entered in Plaintiffs' favor and against Defendant Fleming's Prime Steakhouse and Wine Bar (OSI/Fleming's, LLC), and grant the following relief:

Electronically Filed - St Louis County - October 02, 2026 - 03:25 PM

(a) An award of actual and compensatory damages in an amount to be proven at trial, including but not limited to damages for emotional distress, humiliation, mental anguish, inconvenience, and loss of enjoyment;

(b) An award of punitive damages for Fleming's intentional, willful, malicious, and recklessly indifferent conduct, in an amount sufficient to punish Defendant and deter future violations;

(c) An award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b); and,

(d) Such other and further relief as this Court deems just and proper.

Respectfully submitted,

Herman L. Jimerson #33824
Jimerson Law Firm, P.C.
225 S. Meramec Ave., Ste. 508
Clayton, MO 63105
314-862-0069 telephone
herman@jimersonlawfirm.com
*Attorney for Plaintiff*

Electronically Filed - St Louis County - October 02, 2026 - 03:25 PM

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 28th day of September, 2026, a true and accurate copy of the foregoing was filed with the Court's electronic filing system and thereby served to all parties of record.

Fleming's Prime Steakhouse and Wine Bar (Osi/Fleming's, LLC)
*c/o* Corporate Creations Network Inc.
12747 Olive Blvd. #300
Saint Louis, MO 63141
*Defendant*

Herman L. Jimerson

Electronically Filed - St Louis County - October 02, 2026 - 03:25 PM

**VERIFICATION**

Christine Poe, being duly sworn, upon her oath, says that the statements in the foregoing petition are true and correct.

Christine Poe
Christine Poe

Subscribed and sworn to before me, the undersigned authority, this 2 day of October 2026.

Karen Woodard
Notary Public

My commission expires: 9/19/28

KAREN WOODARD
Notary Public - Notary Seal
St Louis County - State of Missouri
Commission Number 16841900
My Commission Expires Sep 19, 2028

Electronically Filed - St Louis County - October 02, 2026 - 03:25 PM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

For File Stamp Only

Christine Poe
Plaintiff/Petitioner

September 14, 2026
Date

Case Number

vs.

Division

Flemings Prime Steakhouse and Wine Bar (OSI/Fleming's, LLC)
Defendant/Respondent

# REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Herman L. Jimerson (Requesting Party), pursuant to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| Jerry Boyd | 225 S. Meramec, Suite 508, Clayton, MO 63105 | (314) 862 -0069 |

Name of Process Server — Address or in the Alternative — Telephone

Name of Process Server — Address or in the Alternative — Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
FLEMING'S PRIME STEAKHOUSE AND WINE BAR (OSI/Fleming's, LLC)
Name
c/o Corporate Creations Network Inc., 12747 Olive Blvd. #300
Address
Saint Louis, MO 63141
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:
**JOAN M. GILMER**, Circuit Clerk

By ____________________
Deputy Clerk

____________________
Date

Herman L. Jimerson
Signature of Attorney/Plaintiff/Petitioner
33824
Bar No.
225 S. Meramec
Address
(314) 862-0069 — Phone No.
(314) 887-1011 — Fax No.

Electronically Filed - St Louis County - October 02, 2026 - 03:25 PM

Local Rule 28. SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

26SL-CC06641

Electronically Filed - St Louis County - October 02, 2026 - 03:25 PM

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

For File Stamp Only

Christine Poe
Plaintiff/Petitioner

September 14, 2026
Date

Case Number

Division

vs.

Flemings Prime Steakhouse and Wine Bar (OSI/Fleming's, LLC)
Defendant/Respondent

# REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now Herman L. Jimerson, pursuant
(Requesting Party)
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

| Name of Process Server | Address | Telephone |
|---|---|---|
| Jerry Boyd | 225 S. Meramec, Suite 508, Clayton, MO 63105 | (314) 862 -0069 |

| Name of Process Server | Address or in the Alternative | Telephone |
|---|---|---|
| | | |

| Name of Process Server | Address or in the Alternative | Telephone |
|---|---|---|
| | | |

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
FLEMING'S PRIME STEAKHOUSE AND WINE BAR (OSI/Fleming's, LLC)
Name
c/o Corporate Creations Network Inc., 12747 Olive Blvd. #300
Address
Saint Louis, MO 63141
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

SERVE:
Name
Address
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By /S/ Adam Dockery
Deputy Clerk

10/02/2026
Date

Herman L. Jimerson
Signature of Attorney/Plaintiff/Petitioner
33824
Bar No.
225 S. Meramec
Address
(314) 862-0069 — Phone No.
(314) 887-1011 — Fax No.

Electronically Filed - St Louis County - October 02, 2026 - 03:25 PM

Local Rule 28. SPECIAL PROCESS SERVERS

(1) Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2) The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A) Appointments may list more than one server as alternates.

(B) The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C) Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D) No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E) Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F) This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system. Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>MATTHEW HILL HEARNE | **Case Number: 26SL-CC06641** | |
| Plaintiff/Petitioner:<br>CHRISTINE POE<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>HERMAN L. JIMERSON<br>225 SOUTH MERAMEC<br>SUITE 508<br>ST. LOUIS, MO 63105 | |
| Defendant/Respondent:<br>FLEMING'S PRIME STEAKHOUSE AND WINE BAR (OSI/FLEMING'S LLC) | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Contract-Other | | (Date File Stamp for Return) |

**The State of Missouri to: FLEMING'S PRIME STEAKHOUSE AND WINE BAR (OSI/FLEMING'S LLC)**

**Alias:**
**C/O CORP CREATION'S NETWORK INC**
**12747 OLIVE BLVD #300**
**ST. LOUIS, MO 63141**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

02-OCT-2026
Date

/S/ Adam Dockery
Clerk

**Further Information:**
AD


Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________________ (title).

☐ other: ______________________________.

Served at ______________________________ (address)

in ______________________________ (County/City of St. Louis), MO, on ____________________ (date)

at ______________ (time).

______________________________ ______________________________

Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________________________ (date).

*(Seal)*

My commission expires: ____________________ ______________________________

Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the “neutral,” who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator’s decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

**OFFICE OF THE CIRCUIT CLERK**
Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>MATTHEW HILL HEARNE | **Case Number: 26SL-CC06641** | |
| Plaintiff/Petitioner:<br>CHRISTINE POE<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>HERMAN L. JIMERSON<br>225 SOUTH MERAMEC<br>SUITE 508<br>ST. LOUIS, MO 63105 | |
| Defendant/Respondent:<br>FLEMING'S PRIME STEAKHOUSE AND WINE BAR (OSI/FLEMING'S LLC) | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Contract-Other | | (Date File Stamp for Return) |

**The State of Missouri to: FLEMING'S PRIME STEAKHOUSE AND WINE BAR (OSI/FLEMING'S LLC)**

**Alias:**
**C/O CORP CREATION'S NETWORK INC**
**12747 OLIVE BLVD #300**
**ST. LOUIS, MO 63141**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

02-OCT-2026
Date

/S/ Adam Dockery
Clerk

**Further Information:**
AD


Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - ST LOUIS COUNTY - October 16, 2026 - 02:45 PM

Electronically Filed - ST LOUIS COUNTY - October 16, 2026 - 02:45 PM

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☒ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________, a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and petition to:

______________________ (name) ______________________ (title).

☐ other: ______________________.

Served at St Louis 12747 Olive Blvd #500 (address)

in St Louis (County/City of St. Louis), MO, on Oct 13TH (date)

at 1 PM (time).

Jerry Boyd
Printed Name of Officer or Server

[signature]
Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on 10/16/26 (date).

My commission expires: 3/2/30
Date

[signature]
Notary Public

KEVIN SCOTT KORINEK JR
NOTARY PUBLIC, NOTARY SEAL
STATE OF MISSOURI
ST. LOUIS COUNTY
COMMISSION # 21543542
MY COMMISSION EXPIRES: MARCH 02 2030

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - ST LOUIS COUNTY - October 16, 2026 - 02:45 PM

# THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2)** **Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3)** **Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.



Electronically Filed - ST LOUIS COUNTY - October 16, 2026 - 02:45 PM

Electronically Filed - ST LOUIS COUNTY - October 16, 2026 - 02:45 PM

**OFFICE OF THE CIRCUIT CLERK**
Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 Or 800-735-2966, at least three business days in advance of the court proceeding.